UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
|
|
SHANNON ARGUE #180822,                      | Case No. 1:08-cv-186
|
Plaintiff,                                  | HONORABLE PAUL L. MALONEY
|
v.                                          | Magistrate Judge Carmody
|
CURRENT MDOC SPECIAL ACTIVITIES DIRECTOR,   |
in his official capacity alone,             |
|
Defendant.                                  |
|
_____

## OPINION and ORDER

**Overruling Plaintiff's Objections and Adopting the R&R,
Granting in Part and Denying in Part the Defendant's Motion to Dismiss:**

Dismissing All Claims without prejudice for failure to exhaust Administrative Remedies *except*
Claim of August 18, 2006 Denial of Request to Receive Kosher Meals;

Dismissing Personal-Capacity RLUIPA Claims Against the MDOC Special Activities Director;

Dismissing Burnett as a Party and Substituting his Successor as Defendant Against the Lone
Remaining Claim (RLUIPA Claim for Injunctive Relief in His Official Capacity)

Michigan state prisoner Shannon Argue, while incarcerated at the Brooks Correctional Facility, requested in June 2005 that the Michigan Department of Corrections ("MDOC") transfer him to a facility at which he could attend Jewish religious services, *See* Complaint ("Comp"), Document ("Doc") 1 and Exhibit ("Ex") B. Later that month, Argue executed a Declaration of Religious Preference form in which he alleged that he was an adherent of the Jewish religion, Doc 1 Ex A, and in July 2005 defendant David Burnett, acting as MDOC Special Activities Director,

denied Argue's request to receive kosher meals, leading Argue to appeal, unsuccessfully, to several of the defendants, Comp ¶¶ 3 & 6 and Ex D. MDOC subsequently transferred Argue to another prison, allegedly in retaliation for his "constant requests" for a kosher diet, but it soon returned him to Brooks Correctional Facility, where he again asked for kosher meals, this time receiving no response, Comp ¶¶ 7-8. In January 2006 and July 2006, Argue submitted written requests to be transferred to a different prison because he was allegedly being denied the opportunity to participate in Jewish religious services and to receive kosher meals.

Sometime shortly after the July 2006 request, MDOC transferred Argue to the Muskegon Correctional Facility ("MCF"), where he submitted a kosher-meal request to the chaplain on August 10, 2006, which defendant Burnett denied in his role as Special Activities Director. *See* Comp ¶¶ 21-24 and Exs E & J. In September 2006, Argue sent a letter to several defendants asking that he be allowed to follow his religious beliefs and alleging that Burnett had improperly denied his kosher-meal request, whereupon one of the dismissed defendants responded five days later that Argue should seek reconsideration from Burnett. *See* Comp ¶ 28 and Exs L & M.

Proceeding *pro se*, Argue filed the complaint in February 2008. All fifteen defendants jointly moved for summary judgment in September 2008, Argue filed an opposition brief in October 2008, and the defendants elected not to file a reply brief. Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the United States Magistrate Judge, who issued a Report and Recommendation ("R&R") in January 2009, and both Argue and the defendants filed timely objections. The court overruled Argue's objections and adopted most of the R&R. The court rejected a portion of the R&R, however, on the basis of the defendants' objections. The court dismissed fourteen of the fifteen defendants: six *without* prejudice due to lack of service (Unknown D'Epifanio, Asst. Deputy Warden; Unknown Swierenga, Chaplin; Unknown Malone, Asst. Deputy

2

Warden, Unknown Aardsma, Chaplin; Unknown Shields, Counsellor; and Unknown Chappee) and eight *with* prejudice on the merits of Argue's claims (Wardens Mary Berghuis and S. Harry, Deputy Wardens R. Smith and Terry Bradford, MDOC Administrator Jim Armstrong, Resident Unit Manager R. Anderson, Regular Unit Manager Anthony Henry, and Grievance Coordinator J. Minnerick). The court also dismissed Argue's First Amendment retaliation claim as to all defendants for failure to state a claim on which relief could be granted. Finally, the court dismissed money-damage claims against all defendants in their official capacities, and denied Argue's request for additional time and assistance to serve some defendants

Surviving was only one claim against one defendant: Argue's RLUIPA claim against Burnett. (Because nobody objected to the previous R&R's conclusion that Burnett is not entitled to qualified immunity, the court adopted that conclusion.) Argue's complaint attached three grievances which he pursued regarding the situation giving rise to this controversy, *see* Doc 1 Exs F, H And K, and he does not allege that he filed any other grievances related to the claims herein. As the Magistrate correctly notes, R&R at 6-7, a prisoner asserting a conditions-of-confinement claim pursuant to 42 U.S.C. § 1983 must first properly exhaust all state administrative remedies, *see also Lafountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)), which entails compliance with the relevant state agency's deadlines and other critical procedural rules, *see also Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009) (J. Siler, joined by J. Cook, with J. McKeague separately concurring in pertinent part) (citing *Woodford*, 548 U.S. at 90-91), and the court determines compliance by reference to the similar exhaustion rules which govern habeas corpus petitions, *see also Benner v. Correctional Med. Servs., Inc.*, 2009 WL 2515823, *4 (W.D. Mich. Aug. 14, 2009) (Gordon Quist, J.) (citing *Woodford*, 548 U.S. at 88). As noted by the Magistrate (R&R at 8), the relevant state rules are set forth in MDOC's Policy Directive ("PD")

3

03.02.130, which provides that before a prisoner files a written grievance, he must attempt to resolve the issue orally with the MDOC employee involved and, if that does not resolve the issue, he must file a written grievance within five business days, *see also Hardy v. Bolton*, 2011 WL 673936, *2 (W.D. Mich. Feb. 17, 2011) (Robert Holmes Bell, J.) (citing PD 03.02.130).

**Of the three written grievances attached to Argue's complaint in this action, two contain no reference to defendant Burnett:** the grievance filed January 20, 2006 regarding kosher meals and the grievance filed February 20, 2006 regarding the refusal to transfer him to a prison which offered the desired worship services, *see* Comp Exs F and H. The court agrees with the Magistrate (R&R at 8-9) that Argue has not substantiated his unpersuasive, conclusory assertions that administrative remedies were unavailable as to those two grievances as they might pertain to defendant Burnett. First, Argue asserts that his transfer among different MDOC facilities somehow prevented him from obtaining the names of possible defendants, *see* Plaintiff's Objections filed February 3, 2011 ("P's Objs") at 2-3 (citing, *inter alia*, *Goeber v. Lee County*, 510 F.3d 1312, 1323 (11th Cir. 2007) ("If we allowed jails and prisons to play hide-and-seek with administrative remedies, they could keep all remedies under wraps until after the lawsuit is filed and then uncover them and proclaim that the remedies were available all along.") and *Underwood v. Wilson* 151 F.3d 292, 295 (5th Cir. 1998) (approving of the premise that an administrative remedy was inadequate where prison officials interfered with or ignored the prisoner's attempts to avail himself of that remedy)). But Argue fails to identify the transfer(s) he has in mind, let alone explain when those transfers took place in relation to the offending MDOC decisions, let alone show how the transfers deprived him of sufficient time or opportunity to identify suitable targets for his grievance by name.

Second, Argue alleges that he "has been medically diagnosed with a mental impairment that has left him completely illiterate and not being able to fully understand that he should have been

4

keeping specific records of any and all violations of his RLUIPA rights", P's Objs at 2. Argue fails to specify the name or nature of the alleged mental impairment, let alone provide competent evidence of the diagnosis, and therefore he provides the court with no basis to conclude that any impairment rendered him unable to read or write, or unable to understand what MDOC policy directive or the case law required of him. *Cf. Farabee v. Johnson*, 139 F. App'x 799 (4th Cir. 2005) (per curiam) (JJ. Widener & Shedd, with J. Gregory dissenting) (although the record showed that habeas petitioner had suffered psychiatric problems since early childhood, had been institutionalized at age ten, had been treated at twenty psychiatric institutions over the past fifteen years, and had been adjudicated not guilty of earlier crimes by reason of insanity, "those facts do not establish that his condition rendered him unable to exhaust his state court remedies during the appropriate periods"; even though he was institutionalized during time for filing direct appeal, under Virginia law that did not necessarily mean that he was insane during that whole period, and he did not show that he was).

Conversely, neither side objects to the Magistrate's determination (R&R at 9) that Argue properly exhausted administrative remedies as to defendant Burnett / the MDOC Director of Special Activities with regard to his kosher-meal grievance filed September 4, 2006 (Doc 1 Ex K), and accordingly the court adopts that determination without further discussion. As a consequence, Argue's RLUIPA claim regarding Burnett's August 18, 2006 denial of his kosher-meal request will not be dismissed for failure to exhaust administrative remedies.


**Next, the court agrees with the Magistrate Judge (R&R at 10 (citing *Dawson v. Burnett*, 631 F. Supp.2d 878, 887-893 (W.D. Mich. 2009) (Maloney, C.J.)) that Argue's personal-capacity RLUIPA damage and injunctive-relief claims against Burnett must be dismissed**

because, as a matter of law, such RLUIPA claims do not lie against prison officials in their personal capacities. *See also Porter v. Caruso*, 2008 WL 3978972, *8 (W.D. Mich. Aug. 22, 2008) ("'RLUIPA – a provision that derives from Congress's Spending Power – cannot be construed as creating a private action against private individuals for monetary damages.'") (quoting *Smith v. Allen*, 502 F.3d 1255, 1271-75 (11th Cir. 2007) and citing *Sharp v. Johnson*, 2008 WL 941686 (W.D. Pa. Apr. 7, 2008)). *Accord Jones v. Allred*, 353 F. App'x 949, 951 (5th Cir. 2009) (Davis, Jerry Smith, Owen) ("The district court also properly dismissed Jones's claims for damages under RLUIPA, which does not provide any cause of action for individual capacity claims.") (citing *Sossamon v. Texas*, 560 F.3d 316, 325 (5th Cir. 2009), *cert. granted*, – U.S. –, 130 S.Ct 3319 (U.S. May 24, 2010) (No. 08-1438)).[1] [2]

---

[1] In *Sossamon v. Texas*, the Supreme Court has voted to review the question of whether RLUIPA permits monetary-damage claims against officials in their *official* capacity, *see* 77 U.S.L.W. 3657, 78 U.S.L.W. 3012 & 3677 & 3687, 79 U.S.L.W. 3013 (U.S. May 24, 2010). Thus, the Supreme Court's forthcoming decision will not directly affect this court's holding that RLUIPA does not authorize *personal-capacity* claims against prison officials. Moreover, even with regard to the question on which the Supreme Court granted *certiorari* – the existence of *official*-capacity damage claims under RLUIPA – this court will not alter its view based on speculation about how the Supreme Court may rule.

[2] Argue's objections regarding his personal-capacity RLUIPA claims do nothing to undermine the Magistrate's reasoning or the authorities cited by the Magistrate and by the undersigned. Rather, Argue merely complains about the court's earlier ruling denying his motion for leave to amend the complaint, and urging the court, effectively, to reconsider and grant such leave now. *See* P's Objs at 4-5. Objections to an R&R which had nothing to do with amendment of the complaint is not an appropriate vehicle for the reiteration of the unsuccessful motion for leave to amend.

Not surprisingly, a motion for leave to amend a pleading is the only proper vehicle for seeking such leave. *Accord Petersen v. Wasem*, No. 91-3885, 974 F.2d 1340, 1992 WL 205667, *1 (7th Cir. Aug. 20, 1992) (per curiam) (Cudahy, Flaum, Eschbach) (affirming denial of plaintiffs' motion for relief from order denying leave to amend complaint, and quoting with approval the district court's statement that plaintiffs' brief opposing motion to dismiss was "an improper vehicle for requesting such leave");

*Jung v. Certainteed Corp.*, 2011 WL 772907, *1 (D. Kan. Mar. 1, 2011) ("Generally, a

**Finally, the court agrees with the Magistrate's well-reasoned analysis of Argue's official-capacity claim for injunctive relief against defendant Burnett.** After noting that the court previously dismissed Argue's official-capacity *damage* claim against Burnett, R&R at 10, the Magistrate addresses Burnett's contention that Argue's official-capacity *injunctive-relief* claim be dismissed because he is not the proper party against whom to seek prospective injunctive relief (namely, Burnett submits an affidavit averring that he retired as MDOC Special Activities Director in late December 2007, about two months before Argue commenced this lawsuit), R&R at 11. Defendant Burnett has not objected to the Magistrate's recommendation that Burnett be dismissed and his successor in said position substituted as party defendant in his place (R&R at 11-13), so the court adopts that common-sense recommendation without further discussion.

## ORDER

The plaintiff's objections filed February 3, 2011 [document #85] are **OVERRULED**.

---

plaintiff's bare request in a response to a motion to dismiss is not a proper vehicle for seeking leave to amend.") (citing *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (internal citation omitted));

*Slack v. Baker*, 2011 WL 831296, *3 (E.D. Tex. Feb. 2, 2011) ("a motion for summary judgment is not a proper vehicle with which [to amend the complaint] to add new parties.");

*West v. Foster*, 2010 WL 3636164, *7 n.7 (D. Nev. Sept. 9, 2010) (remarking, in habeas case, that habeas petitioner's "reply is not a vehicle for amending the petition with new claims. * * * [I]f a petitioner wishes to have a claim considered that was not presented in the petition . . . petitioner must comply with the procedure for doing so by seeking leave to amend . . . .".);

*Jefferson v. Rowe*, 2009 WL 1748714, *9 (E.D. Cal. June 19, 2009) ("Plaintiff is advised that an opposition to a motion for summary judgment is not a proper vehicle for adding new claims to his complaint. If plaintiff wished to proceed on such a claim, he needed to file a motion for leave to amend . . . .")

In any event, Argue's argument for amending his complaint is no more persuasive than his earlier argument on that score – perhaps less so, at this late juncture in the case.

The Report and Recommendation issued January 18, 2011 [document #84] is **ADOPTED**.

Defendant Burnett's motion to dismiss the RLUIPA claim [Document #69] is **GRANTED in part and DENIED in part** as follows:

– The RLUIPA claims (Complaint ¶ 37) are **DISMISSED without prejudice** for failure to exhaust administrative remedies *except* the August 18, 2006 denial of the plaintiff's request to receive kosher meals.

– The RLUIPA claims for any form of relief against defendant Burnett or his successor as Michigan Department of Corrections Special Activities Director in his *personal* capacity are **DISMISSED**.

– David Burnett is **DISMISSED** from this lawsuit.

– Pursuant to FED. R. CIV. P. 17(d) and FED. R. CIV. P. 25(d), the current Michigan Department of Corrections Special Activities Director is **ADDED** as a party defendant, and no later than Friday, April 22, 2011 the Michigan Department of Corrections **SHALL FILE** with the court, and provide to the plaintiff, the name and business address of the current Michigan Department of Corrections Special Activities Director.

This is not a final order. *See Griffin v. Reznick*, – F. Supp.2d –, 2008 WL 5110528, *10 (W.D. Mich. 2008) (Maloney, C.J.) ("Absent certification of an interlocutory appeal under 28 U.S.C. 1292(b) or FED. R. CIV. P. 54(b), an order disposing of fewer than all parties or claims is nonappealable.") (citing, *inter alia, Wm. B. Tanner Co. v. US*, 575 F.2d 101, 102 (6th Cir. 1978))).

**IT IS SO ORDERED this 16th day of March 2011.**

/s/ Paul L. Maloney  
Honorable Paul L. Maloney  
Chief United States District Judge