UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON ARGUE,

        Plaintiff,                                Hon. Paul L. Maloney

v.                                                 Case No. 1:08 CV 186

MICHAEL MARTIN, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on <u>Defendant's Motion to Dismiss</u>. (Dkt. #88). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this matter terminated.

## BACKGROUND

        Plaintiff initiated the present action on February 26, 2008, against fifteen individuals. Plaintiff alleged that Defendants violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) by denying his requests to receive Kosher meals. Plaintiff also alleged that Defendants transferred him for improper retaliatory reasons and violated his right to equal protection of the law. Finally, Plaintiff alleged that Defendants slandered him by falsely claiming that he is homosexual. Plaintiff sued Defendants in their personal and official capacity, seeking monetary and injunctive relief. Specifically, Plaintiff requested more than twelve million

dollars ($12,000,000.00) in damages as well as an injunction that he be permitted to receive kosher meals.

Plaintiff's claims have all since been dismissed, except for his RLUIPA claim for injunctive relief asserted against Defendant Martin in his official capacity. (Dkt. #27, 66, 84, 87). This sole remaining claim is based on Plaintiff's allegation that on August 18, 2006, former Special Activities Coordinator Dave Burnett denied his request to receive kosher meals. Defendant Martin[1] now moves to dismiss as moot Plaintiff's remaining claim.

## **ANALYSIS**

The sole remaining claim in this case arises from the August 18, 2006 decision by former Special Activities Coordinator Dave Burnett to deny Plaintiff's request to receive kosher meals. Burnett has since retired from the Michigan Department of Corrections and the position of Special Activities Coordinator is presently held by Michael Martin. On or about March 10, 2011, Plaintiff's request to participate in the kosher meal program was approved. (Dkt. #88, Exhibit 1). On March 17, 2011, Plaintiff was transferred to the Chippewa Correctional Facility, one of the MDOC facilities equipped to provide kosher meals. (Dkt. #88, Exhibits 1-2). As the Court has previously determined, Plaintiff is only entitled to injunctive relief pursuant to the claim in question. Defendant asserts that because Plaintiff's request to participate in the kosher meal program has been approved, Plaintiff can obtain from this Court no additional relief. Defendant asserts, therefore, that Plaintiff's remaining claim is moot.

Federal courts "have no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *Campbell v. PMI Food Equipment Group, Inc.*, 509

---

[1] Because Defendant Burnett is no longer employed as the Special Activities Coordinator, he has been dismissed from this action and his successor, Michael Martin, has been substituted as defendant regarding this claim. (Dkt. #87).

F.3d 776, 781 (6th Cir. 2007). A case becomes moot "when the issues presented are no longer live or the parties lack a cognizable interest in the outcome." *Cooey v. Strickland*, 588 F.3d 924, 926 (6th Cir. 2009). In light of the aforementioned events, the Court finds that Plaintiff's remaining claim is moot.

Plaintiff asserts that dismissal on mootness grounds is not appropriate because "mere voluntary cessation of allegedly illegal conduct does not moot [a] case." Plaintiff is correct that, generally speaking, voluntary cessation of a challenged action does not moot a case. *See League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008). However, where the party asserting a claim of mootness demonstrates that "the allegedly wrongful behavior could not reasonably be expected to recur," dismissal on mootness grounds is appropriate. *Id.* Moreover, "cessation of the allegedly illegal conduct by government officials [is] treated with more solicitude by the courts than similar action by private parties." *Ammex, Inc. v Cox*, 351 F.3d 697, 705 (6th Cir. 2003).

Dave Burnett, the individual that engaged in the behavior giving rise to the claim in question, is no longer employed by the MDOC. The individual who replaced Burnett, Michael Martin, approved Plaintiff's request to participate in the kosher meal plan. Defendant asserts that so long as Plaintiff complies with relevant MDOC policy he "will remain in the Kosher Meal Program." (Dkt. #88, Exhibit 2). Plaintiff offers no evidence suggesting that he will or is likely to be removed from the Kosher Meal Program for an illegitimate or improper reason. The Court finds that Defendant has demonstrated that the allegedly unlawful activity in question - improperly denying Plaintiff's request to receive kosher meals - is not reasonably likely to recur. Furthermore, in light of the fact that Plaintiff's request to participate in the Kosher Meal Program has since been approved, he can obtain no further relief in this matter.

Plaintiff also argues that dismissal on mootness grounds is not appropriate because his claim is capable of repetition, yet will evade review. Application of this doctrine to defeat a claim of mootness is limited to circumstances in which: (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. *See Gawry v. Countrywide Home Loans, Inc.*, 395 Fed. Appx. 152, 157-58 (6th Cir., Aug. 13, 2010). This doctrine applies only "in exceptional situations," and generally only where the plaintiff "can make a reasonable showing that he will again be subjected to the alleged illegality." *Id.* at 158. Plaintiff has failed to satisfy his burden in this regard. Accordingly, the Court finds that the capable-of-repetition doctrine is not applicable in this instance.

Finally, in his response to the present motion to dismiss, Plaintiff asserts many allegations concerning the quality of the kosher meals he is receiving as well as allegations that his right to freely practice his religion is presently being infringed by conduct unrelated to his participation in the Kosher Meal Program. Such matters are not properly before this Court, however, as Plaintiff has failed to move to amend his complaint to properly assert any such claims. As previously noted, the only claim presently before the Court concerns Plaintiff's allegation that on August 18, 2006, former Special Activities Coordinator Dave Burnett denied his request to receive kosher meals. For the reasons discussed herein, the Court concludes that this claim is now moot.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion to Dismiss</u>, (dkt. #88), be **granted** and this matter terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                      Respectfully submitted,

Date:  June 29, 2011                                    /s/ Ellen S. Carmody
                                                           ELLEN S. CARMODY
                                                           United States Magistrate Judge