UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHANNON ARGUE #180822, | Case No. 1:08-cv-186 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Carmody |
| CURRENT MDOC SPECIAL ACTIVITIES DIRECTOR, in his official capacity alone, | |
| Defendant. | |

**OPINION and ORDER**

**Overruling Plaintiff's Objections and Adopting the R&R:
Granting the Last Defendant's Motion to Dismiss;
Dismissing the RLUIPA Official-Capacity Claim for Injunctive Relief**

**Directing the Defendant to Respond to Application for Preliminary Injunction;
Permitting the Plaintiff to File a Reply Brief**

Michigan state prisoner Shannon Argue, while incarcerated at the Brooks Correctional Facility, requested in June 2005 that the Michigan Department of Corrections ("MDOC") transfer him to a facility at which he could attend Jewish religious services, *See* Complaint ("Comp"), Document ("Doc") 1 and Exhibit ("Ex") B. Later that month, Argue executed a Declaration of Religious Preference form in which he alleged that he was an adherent of the Jewish religion, Doc 1 Ex A, and in July 2005 defendant David Burnett, acting as MDOC Special Activities Director, denied Argue's request to receive kosher meals, leading Argue to appeal, unsuccessfully, to several of the defendants, Comp ¶¶ 3 & 6 and Ex D. MDOC subsequently transferred Argue to another prison, allegedly in retaliation for his "constant requests" for a kosher diet, but he was soon returned

to Brooks Correctional Facility, where he again asked for kosher meals, this time receiving no response, Comp ¶¶ 7-8.  In January 2006 and July 2006, Argue submitted written requests to be transferred to a different prison because he was allegedly being denied the opportunity to participate in Jewish religious services and to receive kosher meals.

Sometime shortly after the July 2006 request, MDOC transferred Argue to the Muskegon Correctional Facility ("MCF"), where he submitted a kosher-meal request to the chaplain on August 10, 2006, which defendant Burnett denied in his role as Special Activities Director.  *See* Comp ¶¶ 21-24 and Exs E & J.  In September 2006, Argue sent a letter to several defendants asking that he be allowed to follow his religious beliefs and alleging that Burnett had improperly denied his kosher-meal request, whereupon one of the dismissed defendants responded five days later that Argue should seek reconsideration from Burnett.  *See* Comp ¶ 28 and Exs L & M.

Proceeding *pro se*, Argue filed the complaint in February 2008.  All fifteen defendants jointly moved for summary judgment in September 2008, Argue filed an opposition brief in October 2008, and the defendants elected not to file a reply brief.  Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the United States Magistrate Judge, who issued a Report and Recommendation ("R&R") in January 2009, and both Argue and the defendants filed timely objections.  The court overruled Argue's objections and adopted most of the R&R.  The court rejected a portion of the R&R, however, on the basis of the defendants' objections.  The court dismissed fourteen of the fifteen defendants:  six *without* prejudice due to lack of service (Unknown D'Epifanio, Asst. Deputy Warden; Unknown Swierenga, Chaplin; Unknown Malone, Asst. Deputy Warden, Unknown Aardsma, Chaplin; Unknown Shields, Counselor; and Unknown Chappee) and eight *with* prejudice on the merits of Argue's claims (Wardens Mary Berghuis and S. Harry, Deputy Wardens R. Smith and Terry Bradford, MDOC Administrator Jim Armstrong, Resident Unit Manager R. Anderson, Regular Unit Manager Anthony Henry, and Grievance Coordinator J. Minnerick).  The

court also dismissed Argue's First Amendment retaliation claim as to all defendants for failure to state a claim on which relief could be granted. Finally, the court dismissed money-damage claims against all defendants in their official capacities, and denied Argue's request for additional time and assistance to serve some defendants.

**Surviving was only one claim against one defendant: Argue's RLUIPA claim against Burnett.** (Because nobody objected to the previous R&R's conclusion that Burnett is not entitled to qualified immunity, the court adopted that conclusion.) Argue's complaint attached three grievances which he pursued regarding the situation giving rise to this controversy, *see* Doc 1 Exs F, H And K, and he does not allege that he filed any other grievances related to the claims herein. As the Magistrate correctly noted, R&R at 6-7, a prisoner asserting a conditions-of-confinement claim pursuant to 42 U.S.C. § 1983 must first properly exhaust all state administrative remedies, *see also Lafountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)), which entails compliance with the relevant state agency's deadlines and other critical procedural rules, *see also Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009) (J. Siler, joined by J. Cook, with J. McKeague separately concurring in pertinent part) (citing *Woodford*, 548 U.S. at 90-91), and the court determines compliance by reference to the similar exhaustion rules which govern habeas corpus petitions, *see also Benner v. Correctional Med. Servs., Inc.*, 2009 WL 2515823, *4 (W.D. Mich. Aug. 14, 2009) (Quist, J.) (citing *Woodford*, 548 U.S. at 88). As noted by the Magistrate (R&R at 8), the relevant state rules are set forth in MDOC's Policy Directive ("PD") 03.02.130, which provides that before a prisoner files a written grievance, he must attempt to resolve the issue orally with the MDOC employee involved and, if that does not resolve the issue, he must file a written grievance within five business days, *see also Hardy v. Bolton*, 2011 WL 673936, *2 (W.D. Mich. Feb. 17, 2011) (Robert Holmes Bell, J.) (citing PD 03.02.130).

**Of the three written grievances attached to Argue's complaint in this action, two contain no reference to defendant Burnett:** the grievance filed January 20, 2006 regarding kosher meals and the grievance filed February 20, 2006 regarding the refusal to transfer him to a prison which offered the desired worship services, *see* Comp Exs F and H. The court agrees with the Magistrate (R&R at 8-9) that Argue has not substantiated his unpersuasive, conclusory assertions that administrative remedies were unavailable as to those two grievances as they might pertain to defendant Burnett. First, Argue asserts that his transfer among different MDOC facilities somehow prevented him from obtaining the names of possible defendants, *see* Plaintiff's Objections filed February 3, 2011 ("P's Objs") at 2-3 (citing, *inter alia*, *Goeber v. Lee County*, 510 F.3d 1312, 1323 (11th Cir. 2007) ("If we allowed jails and prisons to play hide-and-seek with administrative remedies, they could keep all remedies under wraps until after the lawsuit is filed and then uncover them and proclaim that the remedies were available all along.") and *Underwood v. Wilson* 151 F.3d 292, 295 (5th Cir. 1998) (approving of the premise that an administrative remedy was inadequate where prison officials interfered with or ignored the prisoner's attempts to avail himself of that remedy)). But Argue fails to identify the transfer(s) he has in mind, let alone explain when those transfers took place in relation to the offending MDOC decisions, let alone show how the transfers deprived him of sufficient time or opportunity to identify respondents for his grievance by name.

Second, Argue alleges that he "has been medically diagnosed with a mental impairment that has left him completely illiterate and not being able to fully understand that he should have been keeping specific records of any and all violations of his RLUIPA rights", P's Objs at 2. Argue fails to specify the name or nature of the alleged mental impairment, let alone provide competent evidence of the diagnosis, and therefore he provides the court with no basis to conclude that any impairment rendered him unable to read or write, or unable to understand what MDOC policy directive or the case law required of him. *Cf. Farabee v. Johnson*, 139 F. App'x 799 (4th Cir. 2005) (per curiam) (JJ.

4

Widener & Shedd, with J. Gregory dissenting) (although the record showed that habeas petitioner had suffered psychiatric problems since early childhood, had been institutionalized at age ten, had been treated at twenty psychiatric institutions over the past fifteen years, and had been adjudicated not guilty of earlier crimes by reason of insanity, "those facts do not establish that his condition rendered him unable to exhaust his state court remedies during the appropriate periods"; even though he was institutionalized during time for filing direct appeal, under Virginia law that did not necessarily mean that he was insane during that whole period, and he did not show that he was).

Conversely, neither side objects to the Magistrate's determination (R&R at 9) that Argue properly exhausted administrative remedies as to defendant Burnett / the MDOC Director of Special Activities with regard to his kosher-meal grievance filed September 4, 2006 (Doc 1 Ex K), and accordingly the court adopts that determination without further discussion. As a consequence, Argue's RLUIPA claim regarding Burnett's August 18, 2006 denial of his kosher-meal request will not be dismissed for failure to exhaust administrative remedies.

**Next, the court agrees with the Magistrate Judge (R&R at 10 (citing *Dawson v. Burnett*, 631 F. Supp.2d 878, 887-893 (W.D. Mich. 2009) (Maloney, C.J.)) that Argue's personal-capacity RLUIPA damage and injunctive-relief claims against Burnett must be dismissed** because, as a matter of law, such RLUIPA claims do not lie against prison officials in their personal capacities. *See also Porter v. Caruso*, 2008 WL 3978972, *8 (W.D. Mich. Aug. 22, 2008) ("'RLUIPA – a provision that derives from Congress's Spending Power – cannot be construed as creating a private action against private individuals for monetary damages.'") (quoting *Smith v. Allen*, 502 F.3d 1255, 1271-75 (11th Cir. 2007) and citing *Sharp v. Johnson*, 2008 WL 941686 (W.D. Pa. Apr. 7, 2008)). *Accord Jones v. Allred*, 353 F. App'x 949, 951 (5th Cir. 2009) ("The district court also properly

5

dismissed Jones's claims for damages under RLUIPA, which does not provide any cause of action for individual capacity claims.") (citing *Sossamon v. Texas*, 560 F.3d 316, 325 (5th Cir. 2009), *cert. granted*, – U.S. –, 130 S.Ct 3319 (U.S. May 24, 2010) (No. 08-1438)).[1] [2]

---

[1]

In *Sossamon v. Texas*, the Supreme Court voted to review the question of whether RLUIPA permits monetary-damage claims against officials in their *official* capacity, *see* 77 U.S.L.W. 3657, 78 U.S.L.W. 3012 & 3677 & 3687, 79 U.S.L.W. 3013 (U.S. May 24, 2010). Thus, the Court's eventual decision in *Sossamon* could not directly affect this court's holding that RLUIPA does not authorize *personal-capacity* claims against prison officials. Moreover, even on the question on which the Court granted *certiorari* – the existence of *official*-capacity damage claims under RLUIPA – this court declined to alter its view based on speculation about how the Court might rule.

Ultimately, the Supreme Court held that notwithstanding the States' acceptance of federal taxpayer funds, RLUIPA's private-action provision did not clearly and unequivocally waive States' sovereign immunity from suit for monetary damages by a prisoner who claimed that the prison had violated his right to the free exercise of religion. *See Eberle v. Wilkinson*, No. 2:03-cv-272, 2011 WL 1526933, *2 (S.D. Ohio Apr. 22, 2011) (M.J. Norah McCann King) (citing *Sossamon v, Texas*, – U.S. –, 131 S.Ct. 1651 (2011) (J. Thomas, for 6 Justices, with JJ. Sotomayor and Breyer dissenting and J. Kagan not participating)). "That holding, however, applies only to claims against the State or state officials in their official capacities." *Blankenship v. Wilkinson*, No. 2:10-cv-1017, – F. Supp.2d –, 2011 WL 2470984, *2 (S.D. Ohio June 20, 2011) (Terence P. Kemp, M.J.) (citing *Williams v. Book*, Civ. No. S-10-0423, 2011 WL 2173743 (E.D. Cal. June 2, 2011) (M.J. Gregory Hollows)). "Whether claims for damages under RLUIPA may be asserted against state officials sued in their individual capacities [remains] an open question in this circuit." *Blankenship*, 2011 WL 2470984 at *2 (citing *Heard v. Caruso* 351 F. App'x 1, 13 n.5 (6th Cir. 2009) (Moore, Clay, Kethledge) and *Courtney v. Burnett*, No. 1:07-cv-1130, 2010 WL 549220 (W.D. Mich. Feb. 10, 2010) (Janet Neff, J.)).

Neither our Court of Appeals nor any Western District of Michigan judge has discussed or cited *Sossamon* since the Supreme Court issued it on April 20, 2011.

[2]

Argue's objections regarding his personal-capacity RLUIPA claims did nothing to undermine the Magistrate's reasoning or the authorities cited by the Magistrate and by the undersigned. Rather, Argue merely complained about the court's earlier ruling denying his motion for leave to amend the complaint, and urging the court, effectively, to reconsider and grant such leave now. *See* P's Objs at 4-5. Objections to an R&R which had nothing to do with amendment of the complaint is not an appropriate vehicle for the reiteration of the unsuccessful motion for leave to amend.

Not surprisingly, a motion for leave to amend a pleading is the only proper vehicle for seeking such leave. *Accord Petersen v. Wasem*, No. 91-3885, 974 F.2d 1340, 1992 WL 205667, *1 (7th Cir. Aug. 20, 1992) (per curiam) (affirming denial of plaintiffs' motion for relief from order denying leave to amend complaint, and quoting with approval the district court's statement that plaintiffs' brief opposing motion to dismiss was "an improper vehicle for requesting such leave");

**Finally, the court agrees with the Magistrate's well-reasoned analysis of Argue's official-capacity claim for injunctive relief against defendant Burnett.** After noting that the court previously dismissed Argue's official-capacity *damage* claim against Burnett, R&R at 10, the Magistrate addresses Burnett's contention that Argue's official-capacity *injunctive-relief* claim be dismissed because he is not the proper party against whom to seek prospective injunctive relief (namely, Burnett submits an affidavit averring that he retired as MDOC Special Activities Director in late December 2007, about two months before Argue commenced this lawsuit), R&R at 11. Defendant Burnett has not objected to the Magistrate's recommendation that Burnett be dismissed and his successor in said position substituted as party defendant in his place (R&R at 11-13), so the court adopts that common-sense recommendation without further discussion.

The court overruled plaintiff Argue's June 2010 objections (document 85) and adopted Magistrate Judge Carmody's January 18, 2011 R&R (document 84). That led the court to grant in part and deny in part Document #69, defendant Burnett's motion to dismiss the RLUIPA claim. Namely, the court dismissed without prejudice the RLUIPA claim for failure to exhaust administrative remedies *except* as to the August 18, 2006 denial of his request to receive kosher meals. *See Argue v. Burnett*, No. 1:2008-cv-186 Doc. 87, 2011 WL _____ (W.D. Mich. March 17, 2011).

---

*Jung v. Certainteed Corp.*, 2011 WL 772907, *1 (D. Kan. Mar. 1, 2011) ("Generally, a plaintiff's bare request in a response to a motion to dismiss is not a proper vehicle for seeking leave to amend.") (citing *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (internal citation omitted));

*Slack v. Baker*, 2011 WL 831296, *3 (E.D. Tex. Feb. 2, 2011) ("a motion for summary judgment is not a proper vehicle with which [to amend the complaint] to add new parties.");

In any event, Argue's argument for amending his complaint was no more persuasive than his earlier argument on that score – perhaps less so, at this late juncture in the case.

**In March 2011 Michael Martin – substituted for defendant Burnett as the new MDOC Special Activities Director – moved to dismiss the RLUIPA injunctive-relief claim as to the August 18, 2006 denial of Argue's kosher-meal request (Docs 88-89).** With an extension of time, plaintiff Argue filed an opposition brief in May 2011 (Docs 96-97), and defendant Martin filed a reply brief later that month (Doc 102). The Honorable Ellen S. Carmody, United States Magistrate Judge, issued an R&R on June 29, 2011 (Doc 103), recommending that said claim be dismissed. Like the Magistrate Judge, this court agrees with defendant Martin that Argue's RLUIPA injunctive-relief claim is moot because MDOC granted his request for a kosher diet on March 10, 2011 and transferred him on March 17, 2011 to the Chippewa Correctional Facility, which is equipped to provide and does provide kosher meals, *see* Docs 88-1 and 88-2.

As the Magistrate notes, federal courts lack the authority to render opinions on moot issues to make declarations of law that cannot affect the controversy at hand, R&R at 2 (citing *Campbell v. PMI Food Equipment Group*, 509 F.3d 776, 781 (6th Cir. 2007)). *See also Mwasaru v. Napolitano*, 619 F.3d 545, 547 (6th Cir. 2010) (citing *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006)), *reh'g & reh'g en banc denied* (6th Cir. Nov. 24, 2010). "'The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties.'" *Mwasaru*, 619 F.3d at 549 (quoting *Wedgwood Ltd. P'ship v. Liberty Twp.*, 610 F.3 340, 348 (6th Cir. 2010) (citation omitted) and citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Here the court cannot change the positions of the parties or affect their legal interests by ordering MDOC to do something which it has already done during the pendency of this lawsuit, namely provide Argue with kosher meals. *Cf. US v. Brown*, 631 F.3d 573, 580 (1st Cir. 2011) ("'[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatsoever' to a prevailing party, the appeal must be dismissed.'") (quoting *Church of Scientology of California v. US*, 506 U.S. 9, 12

(1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895))).

While it is true that voluntary cessation of a challenged action does not necessarily moot the claim challenging that action, the claim is properly treated as moot if the court concludes that the allegedly unlawful behavior cannot reasonably be expected to recur, *see* R&R at 3 (citing *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008)). *See also Jordan v. Sosa*, No. 08-1326, – F.3d –, –, 2011 WL 2854139, *4 (10th Cir. July 20, 2011) (C.J. Briscoe, Tymkovich, Holmes) ("'Voluntary cessation of [arguably constitutionally] offensive conduct will only moot litigation if it is *clear* that the defendant has not changed course simply to deprive the court of jurisdiction.'") (quoting *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1100 (10th Cir. 2010) (alteration omitted) (citing, *inter alia*, *Nat'l Advertising Co. v. City of Miami*, 402 F.3d 1239, 1333 (11th Cir. 2005))). For the reasons explained by the Magistrate – which Argue's objections do not undermine – the court finds that the allegedly-unconstitutional denial of kosher meals is quite unlikely to recur, particularly given that the MDOC official who denied Argue such meals has retired and been replaced by a successor who granted the meal request and avers in writing that he will continue to receive such meals so long as he complies with MDOC rules. *Cf. Bean v. Mancuso*, Civil Action No. 10-852-LC, – F. Supp.2d –, –, 2011 WL 2746012, *4-5 (W.D. La. June 17, 2011) (M.J. Kathleen Kay) (holding that prisoner's transfer from allegedly-offending correctional institution, which refused him the vegetarian diet (which he alleged was required for medical and religious reasons) to another institution mooted his claim, as he failed to show a "demonstrated probability" or "reasonable expectation" that he would be transferred back) (citing *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)), *R&R adopted w/o objection*, – F. Supp.2d –, 2011 WL 2728391 (W.D. La. July 12, 2011) (James T. Trimble Jr., J.).

**Finally, the court also agrees with the Magistrate Judge that Argue has not demonstrated the applicability of the "capable of repetition, yet evading review" doctrine**, and

Argue's three-page objection filed July 15, 2011 does not alter the analysis on this score (it focuses on standing and mootness, not the "evading review" doctrine). *Cf. Rendelman v. Rouse*, 569 F.3d 182, 186-87 (4th Cir. 2009) (holding that prisoner's claim for injunctive relief under RLUIPA based on state prison officials' refusal to accommodate his kosher dietary needs was rendered moot by his transfer to a federal prison; even if there was a possibility that he could return to that state prison system if he successfully appealed his federal conviction, the claim would not likely persist in evading judicial review, as he could readily re-initiate an action seeking such injunctive relief if he returned to state prison and encountered the same difficulty). It is not enough for Argue merely to speculate that he might be sent back to the original correctional facility, or that MDOC might withdraw the kosher diet from him at his current institution. *See Lee v. Gurney*, 2010 WL 5113782, *10-11 (E.D. Va. Dec. 9, 2010) (citing *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996)).

## ORDER

The plaintiff's objections filed July 15, 2011 [document #116] are **OVERRULED**.

The Report and Recommendation issued June 29, 2011 [document #103] is **ADOPTED**.

Defendant's motion to dismiss the RLUIPA injunctive-relief claim [#88] is **GRANTED.**

Defendant's motion for an extension of time in which to respond to plaintiff's preliminary-injunction application and first set of interrogatories [#118] is **GRANTED in part and DENIED without prejudice as moot in part:**

– Defendant Martin **SHALL FILE** a brief responding to the preliminary-injunction application no later than Monday, August 29, 2011.

– Plaintiff Argue **MAY FILE** a reply brief no later than Monday, September 12, 2011.

– Defendant Martin **NEED NOT** respond to plaintiff's first set of interrogatories.

This is not a final and immediately-appealable order, because plaintiff's preliminary-injunction application remains pending before the Magistrate. *See Griffin v. Reznick*, 2008 WL 5110528, *10 (W.D. Mich. 2008) (Maloney, C.J.) ("Absent certification of an interlocutory appeal under 28 U.S.C. 1292(b) or FED. R. CIV. P. 54(b), an order disposing of fewer than all parties or claims is nonappealable.") (citing, *inter alia, Tanner Co. v. US*, 575 F.2d 101, 102 (6th Cir. 1978)).[3]

**IT IS SO ORDERED this 17th day of August 2011.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[3] On July 15, 2011, plaintiff Argue applied for a preliminary injunction, complaining that while MDOC has moved him to a facility which is providing him with kosher meals, that facility does not offer Jewish religious services. *See* Docs 104-105. Argue seems to allege that MDOC intentionally sent him to a facility which does not offer suitable religious services in order to retaliate against him for some protected activity, *see* Doc 105 at 1-2, presumably his filing of the instant lawsuit. He also refers to "an enforced fast." Doc 105 at 4.

On July 19, 2011, defendant Martin moved for an extension of time in which to respond to Argue's PI application and his first set of interrogatories, *see* Docs 118-119, which the court today grants. Martin's counsel, Assistant Attorney General Kevin Thom, explains that he was assigned to military duty from July 5-10 and will be assigned to duty again from July 30 through August 8, 2011, *see* Doc 118 at 2.

As for plaintiff's first set of interrogatories, they relate only to claims and issues which are no longer before the court, so defendant Martin need not respond to them.